1

2

3

4

5

6

7

8

9                               UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
10                                      AT TACOMA

11   JOSEPH WILLIAM DROPALSKI,

12                      Petitioner,                    Case No.  C06-5697 FDB/KLS

13          v.                                         ORDER DENYING
                                                       PETITIONER'S MOTION
14   BELINDA STEWART,                                  TO STAY

15                      Respondent.

16

17          This habeas corpus action has been referred to United States Magistrate Judge Karen L.

18   Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner filed this

19   action under 28 U.S.C. § 2254, challenging his 2002 convictions.  (Dkt. # 5).   Before the Court is

20   Petitioner's motion to stay or hold his petition in abeyance (Dkt. # 15).  Having reviewed

21   Petitioner's motion, Respondent's response (Dkt. # 16), Petitioner's reply (Dkt. # 17), and the

22   balance of the record, the Court finds that the motion should be denied.

23

24                                      **I.  DISCUSSION**

25          Petitioner requests that this Court stay or hold his petition for habeas corpus in abeyance

26   while he returns to the Washington state courts to re-argue his case based on *Blakely v.*

27   *Washington*, 542 U.S. 296 (2004), *Cunningham v. California*, 127 S.Ct. 856 (2007) and *State v.*

28

REPORT AND RECOMMENDATION
Page - 1

1  *Pillatos*, 2007 WL 178188 (Wash.).  Petitioner does not claim that these cases state a change in the

2  law, but that they restate the rule previously announced in *Apprendi v. NJ*, 530 U.S. 466 (2000).

3  Petitioner claims that *Apprendi*, which applied to him, held any sentencing scheme unconstitutional

4  insofar as it increased the penalty beyond the statutory maximum as to any fact not found by a jury

5  and proven beyond a reasonable doubt.  (Dkt. # 17 at 2).  Thus, Petitioner argues, *Apprendi's*

6  progeny, including *Blakely*, *Cunningham*, and *Pillatos*, merely restated the law as already announced

7  by the Supreme Court in *Apprendi*.  (*Id*.).

8       Respondent argues that neither *Pillatos* nor *Cunningham* are significant changes in the law,

9  which would excuse an untimely filing under RCW 10.73.100, of the second personal restraint

10 petition that Petitioner proposes to file in state court.  In addition, Respondent argues that *Blakely*

11 does not apply retroactively to decisions that became final prior to its publication.

12      Despite Petitioner's interpretation of *Apprendi*, the cases upon which he relies have not been

13 made retroactive to his conviction.  In *Pillatos,* the Washington Supreme Court held that the State

14 can seek exceptional sentences under the new 2005 Washington sentencing statute for defendants

15 who pled guilty after the statute was enacted, but not for those who pled guilty before it was

16 enacted.  Petitioner pled guilty in 2002.  Therefore, Petitioner cannot now collaterally challenge his

17 conviction based on *Pillatos*.

18      In *Cunningham*, the Supreme Court held California's determinate sentencing law that gave

19 the judge, not the jury, authority to find facts that exposed defendant to an elevated sentence violated

20 his right to trial by jury. *Id*. at 860. There is no indication the Supreme Court made Cunningham

21 retroactive to cases that were final prior to its publication.

22      The Ninth Circuit has made it clear that the Supreme Court's decision in *Blakely* does not

23 apply retroactively to convictions that became final prior to its publication.  *Schardt v. Payne, 414*

24 *F.3d 1025 (9th Cir. 2005)*   The Court also noted that the Supreme Court "has not made *Blakely*

25 retroactive to cases on collateral review."  *Cook v. United States*, 386 F.3d 949 (9th Cir. 2004).

26 Petitioner's conviction became final on February 3, 2004. (Dkt. # 14, Exh. 7).  Under *Schardt* and

27 *Cook*, the *Blakely* decision, decided in June 2004, does not retroactively apply to Petitioner's case.

28

REPORT AND RECOMMENDATION
Page - 2

1

2          Accordingly, the Court find no basis for granting a stay and Petitioner's motion (Dkt. # 15)

3    shall be **DENIED**.

4          Dated this 27th day of March, 2007.

5

6

7                                                          Karen L. Strombom
                                                           United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 3