1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

JOSEPH WILLIAM DROPALSKI,

12
                        Petitioner,

13
        v.

14
BELINDA STEWART,

15
                        Respondent.

16

Case No.  C06-5697 FDB/KLS

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**APRIL 20, 2007**

17        This habeas corpus action has been referred to United States Magistrate Judge Karen L.

18   Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.   Petitioner filed this

19   action under 28 U.S.C. § 2254, challenging his conviction.  (Dkt. # 5).   Petitioner has filed a

20   petition, affidavit and memorandum with exhibits in support of his petition.  (Dkt. # 5, 6, 7).

21   Respondent has filed a timely answer in opposition.  (Dkt. # 13).  Having reviewed the parties'

22   submissions and the state court record (Dkt. # 14), the undersigned agrees that the petition is time

23   barred and recommends that the petition be **DISMISSED WITH PREJUDICE**.

24

25                                    **I. BASIS FOR CUSTODY**

26        Petitioner is confined at the Stafford Creek Correctional Center (SCC).   In 2002, the court

27   found Petitioner guilty, by plea, of one count of vehicular homicide via DUI, one count of vehicular

28

REPORT AND RECOMMENDATION
Page - 1

1   assault via DUI, and one count of third-degree driving with a suspended license. (Dkt. # 14, Exh. 1).

2   Petitioner received an exceptional sentence of 171 months. (*Id*. at 5). On the same day, the court

3   found him guilty, by plea, of two counts of methamphetamine delivery. (*Id*., Exh. 2). The court

4   sentenced Petitioner to 114 months of confinement. (*Id*., Exh. 2 at 5). The court ordered the two

5   sentences to run consecutively. (*Id*.).

6

7

8                          **II.  STATEMENT OF THE CASE**

9   **A.       State Court Procedural History**

10           Petitioner appealed. (*Id*., Exh. 3, ACORDS Printout, Cause No. 28319-1; Exh. 4, ACORDS

11   printout 28322-1[1]).  The Court of Appeals upheld Petitioner's exceptional sentences, but remanded

12   for correction of his offender scores. (*Id*., Exh. 5).  Petitioner petitioned for review. (*Id*., Exh. 6).

13   On February 3, 2004, the Court denied the petition. (*Id*., Exh. 7).

14

15           On December 16, 2004, Petitioner filed a motion to modify his sentence, which the superior

16   court transferred to the Court of Appeals as a personal restraint petition. (*Id*., Exh. 8).  The Court of

17   Appeals dismissed the petition. (*Id*., Exh. 9).  Petitioner filed a petition for review. (*Id*., Exh. 10).

18   The Supreme Court denied review. (*Id*., Exh. 11).  Petitioner moved to modify. (*Id*., Exh. 12).  The

19   Supreme Court denied the motion on January 11, 2006. (*Id*., Exh. 13).

20

21   **B.       Federal Court Proceedings**

22           On November 29, 2006, Petitioner signed his habeas corpus petition. (Dkt. # 5).  Petitioner

23   presents this Court with the following grounds for relief:

24           GROUND ONE: Sentence was imposed in violation of a firmly established decision by
25           the Supreme Court of the United States.

26   _____

27           [1]Respondent refers to ACORDS printouts for these two cause numbers because she currently
      does not have these two files. Respondent obtained some of the pleadings in these cases from
28   Petitioner's other state court files.

      REPORT AND RECOMMENDATION
      Page - 2

1

2

3

> GROUND TWO: The Court lacked statutory authority or jurisdiction in imposing an exceptional sentence, based on facts neither admitted by the defendant nor proven beyond a reasonable doubt.

4

> GROUND THREE: The plea agreement was invalid and unconstitutional.

5

> GROUND FOUR: The State erred in calculation of my offender score(s) and motioned for remand to correct the error.

6

7

(*Id*. at 5-6).

8

### III.  EXHAUSTION OF STATE REMEDIES

9

Because the petition is untimely under the statute of limitations, 28 U.S.C. § 2244(d), the

10

Court need not determine whether petitioner properly exhausted his available state remedies.  28

11

U.S.C. § 2254(b)(2).

12

13

### IV.  EVIDENTIARY HEARING

14

A petitioner who fails to develop the factual basis of a claim in state court is not entitled to

15

an evidentiary hearing unless the claim relies on:

16

17

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense . . . .

18

19

20

21

 28 U.S.C. § 2254(e)(2).

22

The decision to hold a hearing is committed to the court's discretion.  *Williams v. Woodford,*

23

306 F.3d 665, 688 (9th Cir. 2002).  A hearing is not required unless the petitioner "alleges facts

24

which, if proved, would entitle him to relief."  *Townsend v. Sain*, 372 U.S. 293, 312 (1963). The

25

petitioner must produce some evidence demonstrating the existence of a genuine question of material

26

27

fact.  *Morris v. State of California*, 966 F.2d 448, 454-55 (9th Cir. 1991), *cert. denied*, 506 U.S.

28

REPORT AND RECOMMENDATION
Page - 3

831 (1992). A hearing is not required if the claim presents a purely legal question or may be resolved

by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc),

cert. denied, 511 U.S. 1119 (1994).  Because the petition in this case is untimely, Petitioner cannot

satisfy these standards, and he is not entitled to an evidentiary hearing.

## V.  STANDARD OF REVIEW

A federal petition for writ of *habeas corpus* filed on behalf of a person in custody pursuant to

a judgment of a state court, shall not be granted with respect to any claim that was adjudicated on

the  merits in State court proceedings unless the adjudication of the claim:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable
>         application of, clearly established Federal law, as determined by the Supreme
>         Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the
>         facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

State court judgments carry a presumption of finality and legality. *McKenzie v. McCormick,*

27 F.3d 1415, 1418 (9th Cir. 1994), cert. denied, 513 U.S. 1118 (1995).  Federal habeas corpus

relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The petitioner

must prove the custody violates the Constitution, laws or treaties of the United States. *McKenzie*,

27 F.3d at 1418-19.  If a petitioner establishes a constitutional trial error, the Court must determine

if the error caused actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637-39 (1993).

## VI. DISCUSSION

**A.     The Habeas Corpus Petition is Untimely Under The Federal Statute Of Limitations, 28 U.S.C. § 2244(d).**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of

REPORT AND RECOMMENDATION
Page - 4

limitations for habeas corpus petitions. 28 U.S.C. § 2244(d).   For petitioners whose state court

judgments became final prior to April 24, 1996, the one-year time period began running on the date

the statute was signed into law and expired on April 23, 1997.  *Calderon v. United States Dist.*

*Court for the Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied*, 522

U.S. 1099 (1998). The statute of limitations is subject to equitable tolling, but such tolling "will not

be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances'

beyond a prisoner's control make it impossible to file a petition on time."  *Id.* at 1288 (citing *Alvarez-*

*Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally

begins to run from one of the following four dates:

> (A)   the date on which the judgment became final by conclusion of direct review or
> the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed,
> if the applicant was prevented from filing such state action;
>
> ( C)   the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition

for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari.  *Bowen v.*

*Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  A petitioner seeking review of a judgment of a lower

state court must file the petition for writ of certiorari "within 90 days after entry of the order denying

discretionary review."  Sup. Ct. Rule 13(1).    "The time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is

REPORT AND RECOMMENDATION
Page - 5

1
2

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §

2244(d)(2).

3
4
5
6
7
8

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).  A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2).  *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

9
10
11

The Supreme Court denied the petition for review on February 3, 2004.  (*Id.*, Exh. 7). Therefore, AEDPA's § 2244(d) one-year statute of limitations started to run in Petitioner's case on May 3, 2004, 90 days from that date.

12
13
14
15
16
17
18
19
20

The statute ran for 227 days from May 3, 2004 until December 16, 2004, when Petitioner filed his personal restraint petition.  (*Id.*, Exh. 8).  The statute was tolled until January 11, 2006, the day the Supreme Court denied his motion to modify. (*Id.*, Exh. 13; § 2244(d)(2)).  The statute ran again for 322 days until November 29, 2006, when Petitioner signed his habeas corpus petition. (Dkt. # 5).  The total number of days that ran between the date his conviction became final and the date he signed his habeas corpus petition, a total of 549 days, far exceeded §2244(d) one-year statute of limitations.

21
22
23

Accordingly, Petitioner's habeas corpus petition is time-barred. The time bar precludes this Court's review of the merits of his habeas corpus petition, unless the statute of limitations is subject to equitable tolling.

24
25

**B.      Equitable Tolling Is Unavailable**

26
27
28

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." *Corjasso*, 278 F.3d at 877 (citation omitted).  Equitable tolling "is

REPORT AND RECOMMENDATION
Page - 6

appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Id.* (citations omitted); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *Allen v. Lewis*, 255 F.3d 798, 799-800 (9th Cir. 2001).  "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition.  *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999).   Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (9th Cir. 2000).

There are no grounds for equitable tolling in this case.  There is no evidence of conduct by the State or by Respondents which impeded petitioner's ability to file his federal petition in a timely manner.  There is no evidence of lack of clarity in the law or legal unavailability of claims preventing Petitioner from filing his petition or some other extraordinary or unforseen impediment over which he had no control.

There are no extraordinary circumstances evident in this case requiring application of equitable tolling principles.  Therefore, the petition is barred and must be dismissed under 28 U.S.C. § 2244(d).

## VII.  CONCLUSION

This petition is time barred.  Accordingly, the petition should be **DISMISSED WITH PREJUDICE.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time

REPORT AND RECOMMENDATION
Page - 7

1    limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 20,**

2    **2007,** as noted in the caption.

3

4          Dated this  2nd   day of April, 2007.

5

6

7                                                    Karen L. Strombom

8                                                    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 8